IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF MARYLAND

RYAN POOLE                              :
                                        :
v.                                      :   Civil Action No. WMN-98-280
                                        :
TEXTRON INC., et al.                    :

## MEMORANDUM & ORDER

Before the Court are the following motions: Defendant Seek's motion to strike Defendant Textron's cross-claim (Paper No. 121); Defendant Seek's motion to sever trial (Paper No. 122); Plaintiff's motion for separate trial of Textron's cross-claims against Defendant Seek (Paper No. 123); and Defendant Textron's motion for leave to file cross-claim (Paper No. 131).[1]  The motions are ripe for decision.  Upon review of the motions and applicable law, this Court determines that: Defendant Textron's motion for leave to file cross-claim will be denied, its cross-claim will be stricken, and Plaintiff's and Seek's motions for separate trial of the cross-claim will be denied as moot.

Defendant Textron seeks to file a cross-claim against Defendant Seek that would, in the event that Textron is found liable, allege that the accident and subsequent damages were a result of Seek's negligence.  Textron admits that it seeks to amend its answer to include this cross-claim, more than two years after the deadline for motions for amendment of pleadings, because

---

[1] Also pending before the Court are: Textron's objections to Magistrate Judge Gauvey's Memorandum and Order (Paper No. 118); Defendant Textron's motion for leave to file reply to Plaintiff's response to their objections to Magistrate Judge's order (Paper No. 130)1; and Plaintiff's and Defendant Seek's motion for approval of settlement (Paper No. 135).  These motions will be addressed in separate memoranda and orders.

Plaintiff and Defendant Seek have proposed a settlement agreement that would require a determination of Seek's negligence in order for him to be found to be a joint tortfeasor. Textron filed a cross-claim, without leave of Court, on April 20, 2000. Defendant Seek has filed a motion to strike the cross-claim and Plaintiff has filed an opposition to Textron's motion for leave to file a cross-claim.

Rule 15(a) of the Federal Rules of Civil Procedure provides that leave to amend "shall be freely given when justice so requires." This Court is not persuaded that the exercise of its discretion to allow Defendant Textron to amend its answer is appropriate in this case because of the undue delay Textron has demonstrated in attempting to file such a claim. See Foman v. Davis, 371 U.S. 178, 182 (1962). The Court agrees with Plaintiff that Textron knew or should have known from the onset of this litigation that there was always a risk that Seek might settle with Plaintiff. Textron should not now be able to benefit from its choice to remain oblivious to this risk. Both Plaintiff and Seek would be unduly prejudiced if Textron were able to amend its answer at this time. In the event that Textron is found liable, it may pursue its claims for indemnification and/or contribution against Seek in another action.

Textron's request to file a cross-claim will be denied and the cross-claim that it filed on April 20, 2000 will be stricken. In light of the Court's decision, it is unnecessary to consider Plaintiff's and Seek's motion for a separate trial of the cross-

2

claim.

Accordingly, IT IS this 28th day of June, 2000, by the United States District Court for the District of Maryland, ORDERED:

1. That Defendant Seek's motion to strike Defendant Textron's cross-claim (Paper No. 121) is hereby GRANTED;

2. That Textron's cross-claim (Paper No. 120) is hereby STRICKEN;

3. That Defendant Seek's motion to sever trial (Paper No. 122) is hereby DENIED AS MOOT;

4. That Plaintiff motion for separate trial of Textron's cross-claims against Defendant Seek (Paper No. 123) is hereby DENIED AS MOOT;

5. That Defendant Textron's motion for leave to file cross-claim (Paper No. 131) is hereby DENIED; and

6. That the Clerk of the Court shall mail or transmit copies of this Order to all counsel of record.

William M. Nickerson
United States District Judge

3