IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF MARYLAND

RYAN POOLE                           :
                                     :
v.                                   :   Civil Action No. WMN-98-280
                                     :
TEXTRON INC., et al.                 :
                                     :

**MEMORANDUM**

Before the Court are Defendant Textron Inc.'s objections to the March 30, 2000 Order of Magistrate Judge Gauvey (Paper No. 118).[1]  Upon review, the Court determines that no hearing is necessary and that Textron's objections will be overruled.

On May 20, 1999, Magistrate Judge Gauvey ruled on Plaintiff's motions: for sanctions for discovery abuse, to compel discovery, and to determine the sufficiency of responses to requests for admissions.  She ordered, inter alia, Textron to perform substantial additional investigation and to produce several documents.  She characterized Textron's response to Plaintiff's discovery demands as "piecemeal, dilatory and" obfuscatory.  May 20, 1999 Memorandum at 14.  Judge Gauvey held the matter of an award of expenses and further sanctions sub curia.  The undersigned overruled both Plaintiff's and Textron's objections to Judge Gauvey's Order.

---

[1] Also before the Court is Defendant Textron's "motion for leave to file Defendants' [sic] reply to Plaintiff's response to Textron's objections to Magistrate Judge's order" (Paper No. 130).  This motion will be granted.
    In addition, on June 21, 2000, Plaintiff and Defendant Seek sought the Court's approval of their proposed settlement (Paper No. 135).  This motion will be addressed separately.

On March 30, 2000, Magistrate Judge Gauvey ordered that attorneys' fees and costs in the amount of $37,258.39 be awarded jointly and severally against Textron and two of its attorneys, Andrew Gendron and Thomas Goss.[2]  In doing so, she described Textron's and its counsel's conduct as wrongheaded and obdurate. March 30, 2000 memorandum and Order at 11 n.8, 31.  Judge Gauvey concluded that this monetary amount was appropriate by applying the "success" rate of each motion to the hours documented for each motion and multiplying by the hourly rate.  For Plaintiff's motion to determine the sufficiency of responses, she awarded 92% of time and expenses because the Court granted relief to Plaintiff on twelve out of thirteen of the contested requests. As to Plaintiff's motion to compel discovery, Judge Gauvey awarded 83% of the fees and costs because Plaintiff prevailed on five out of six of his document requests.  Finally, regarding Plaintiff's motion for sanctions, Judge Gauvey concluded that Plaintiff had considerably succeeded on its motion and, therefore 75% of the expenses would be awarded to Plaintiff.

Textron has objected to the March 30, 2000 Memorandum and Order, arguing that: Judge Gauvey erroneously calculated Plaintiff's success rate; that the award duplicated sanctions for the same conduct; and outside counsel should not have been

---

[2] Goss is only jointly and severally liable with Gendron and Textron for $5,041.14, Plaintiff's costs and expenses in bringing the motion to determine sufficiency.

sanctioned absent a finding of actions or omissions by said counsel.

Under 28 U.S.C. § 636(b)(1)(A), a district court judge may designate a magistrate judge to hear and determine non-dispositive pretrial motions. A party may object to any order issued by the magistrate within ten days and the "district court to which the case was assigned shall consider such objections and shall modify or set aside any portion of the magistrate judge's order found to be clearly erroneous or contrary to law." Fed. R. Civ. P. 72(a). "The clear error standard means that the district court can overturn the magistrate judge's ruling only if the district court is left with the definite and firm conviction that a mistake has been made." Weeks v. Samsung Heavy Industries Co., Ltd., 126 F.3d 926, 943 (7th Cir. 1997).

After a careful review of the underlying documents at issue, this Court concludes that Magistrate Judge Gauvey issued an appropriate sanction. Magistrate Judge Gauvey did not commit clear error nor did she rule contrary to law; rather, as she did in her May 1999 Memorandum and Order, Judge Gauvey has thoroughly considered the discovery matters before her and correctly decided them.

Some of Judge Gauvey's concerns regarding the actions of Textron and its counsel which led to the imposition of sanctions are apparent upon review of the present objections. First,

counsel reargues matters already ruled upon by Judge Gauvey in her May 1999 Order and affirmed by the undersigned.  Second, they reillustrate Judge Gauvey's criticism concerning the elevation of form over substance.  Finally, many of Textron's arguments concerning Plaintiff's success rate on its motions are clearly wrong.  The Court is more than satisfied that Judge Gauvey's ruling was correct and warranted.

    Defendant Textron's objections to Magistrate Judge Gauvey's March 30, 2000 memorandum and order will be overruled.  A separate order will issue.

                                                  /s/ William M. Nickerson
                                            William M. Nickerson
                                            United States District Judge

Dated: July 25, 2000