FILED
**IN THE UNITED STATES DISTRICT COURT**
**FOR THE DISTRICT OF MARYLAND**

|  |  |  |
|---|---|---|
| RYAN W. POOLE, by his mother | : | 2000 OCT -5 A II: 31 |
| and next friend, BARBARA ELLIOTT | : |  |
|  | : |  |
| v. | : | Civil Action WMN-98-280 |
|  | : | _____DEPUTY |
| TEXTRON, INC., et al | : |  |

### MEMORANDUM

Before the Court is Defendant Textron's Motion for
Reconsideration of the Court's Order Granting Plaintiff's Motion
to Dismiss Claims Against Defendant Seek with Prejudice (Paper
No. 152). The motion is fully briefed and ripe for decision.
Upon a review of the motion and the applicable case law, the
Court determines that no hearing is necessary (Local Rule 105.6)
and that Textron's motion will be granted in part and denied in
part.

On September 5, 2000, this Court issued an Order (Paper No.
150) granting Plaintiff's Motion to Dismiss Claims Against
Defendant Seek with Prejudice (Paper No. 149). Local Rule 105.2a
and Fed. R. Civ. P. 6, gave Textron until 5:00 p.m. on September
5, 2000, to file an opposition to Plaintiff's Motion. Textron
did, in fact, file an opposition at 4:48 p.m. on September 5,
2000. Therefore, the Order, issued earlier that day, was
premature. Thus, the Court must address the issue anew.

The motion raises a difficult issue as there are valid
arguments in support of each party's position. From a public

1



policy perspective, there is a conflict between the encouragement of settlement agreements and that of preventing excessive recoveries. The law strongly favors settlement of litigation. Udugampola v. Dalkon Shield Claimants Trust, 1999 WL 55394 at *1 (4ᵗʰ Cir. Feb. 8, 1999) (citing Hemstreet v. Spiegel, Inc., 851 F.2d 348, 350 (Fed. Cir. 1988)). This policy is reflected in the Maryland Uniform Contribution Among Joint Tort-Feasors Act (the "Act"), in that the purpose behind the Act was to change the common law and encourage settlements by allowing a plaintiff to maintain a claim against non-settling parties. Jacobs v. Flynn, 131 Md. App. 342, 369 (2000), cert. denied, 359 Md. 669 (2000). This purpose is thwarted if a party who agrees to settle is forced to remain a party to the litigation.

In addition to favoring settlements, public policy also disfavors excessive recovery. St. Louis v. Beckles, 81 Md. App. 41, 52 (1989). The general rule is that "[t]here can be but one recovery for a single wrong." Id. (quoting Huff v. Harbaugh, 49 Md. App. 661, 670 (1981)). Therefore, in this case, permitting the dismissal of Defendant Seek would increase the likelihood that Plaintiff would "be made more than whole," as, without a judicial determination of Seek's culpability, there would be no reduction in Defendant Textron's financial liability for the payment already made to Plaintiff by Seek. While Textron, under

2

the Act, could bring suit against Seek for contribution, this would be a waste of judicial resources as many of the same issues would have to be re-litigated. Judicial economy is promoted by having all issues resolved in a single proceeding.

Textron cites several cases in support of its opposition to Seek's dismissal. These cases, however, are not dispositive. Swigert v. Welk, 213 Md. 613 (1957), is distinguishable in that the settling party had also obtained a release from the non-settling party, thus preventing a later suit for contribution. In St. Louis v. Beckles, 81 Md. App. 41 (1989), the release stipulated that both defendants were joint tort-feasors. Therefore, the judicial determination had no affect on the non-settling party's right to reduction. Allgood v. Mueller, 307 Md. 350 (1986), is the only case that seems to support Textron's position. The Allgood Court held that if a settlement release stipulates that reduction is available only if settling party is found liable, then the parties to the suit have a right to have the question of liability determined as to all possible joint tort-feasors. See id. at 358.

Absent clear precedent, the Court chooses to adopt the alternative proposal made by Defendant Seek,[1] and accepted by

---

[1]This proposal was also adopted by Plaintiff. See Plaintiff's Opp. (Paper No. 154).

Textron.  Under this proposal, the Court will permit  "Textron

and Plaintiff to present evidence and argument concerning Mr.

Seek's culpability vel non and allow the jury to answer special

interrogatories concerning Mr. Seek's negligence and whether his

negligence proximately caused Plaintiff's injuries."  Textron

Reply at 3.  See also Seek's Opp. at 4.  This same approach has

been adopted by other courts, see Miller v. N.J. Trans. Auth.

Rail Ops., 160 F.R.D. 37, 43 (D.N.J. 1995); Carter v. University

of Medicine and Denistry of N.J. - Rutgers Medical School, 854 F.

Supp. 310, 316 (D.N.J. 1994), and has the advantage of not

unfairly prejudicing either party or contravening public policy.

A separate order will issue.

William M. Nickerson
United States District Judge

Dated: October $5$ , 2000

4