IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF MARYLAND

RYAN W. POOLE, by his :
mother and next friend, :
BARBARA ELLIOTT :
 :
v. : Civil Action WMN-98-280
 :
TEXTRON, INC. :

**ORDER**

For the reasons stated on the record during a hearing held March 8, 2001, in previous memoranda, and in the course of the pretrial conference, IT IS this 9th day of March, 2001, by the United States District Court for the District of Maryland, ORDERED:

1. That Plaintiff's Motion in Limine (Paper No. 162) is hereby GRANTED in part, DENIED in part, and held SUB CURIA in part, in that the motion is:

(a) GRANTED as to testimony and deposition designations of Gerald Powell taken in other proceedings (i.e., June 13, 1988, and August 2, 1988), except in so far as portions designated by Defendant are necessary to complete Plaintiff's designations, as to be determined by the Court;

(b) GRANTED as to deposition designations of Gerald Powell taken in preparation of trial in this case;

(c) DENIED as moot, as to Donald Thorpe's deposition designations;

(d) GRANTED as to deposition designations of Walter Feldbusch taken in other proceeding (i.e., May 28, 1988 deposition), except in so far as portions designated by Defendant are necessary to

complete Plaintiff's designations, as to be determined by the Court;

(e) DENIED as moot, as to Daniel Seek's deposition designations;

(f) held SUB CURIA as to William Elliott's deposition designations pending the parties attempt to resolve this matter;

(g) DENIED as moot, as to Jimmy Poole's deposition designations;

(h) DENIED in part and GRANTED in part as to the release and settlement agreement, in that the release and settlement agreement will be admitted as part of the record but will not be submitted to the jury;

(i) GRANTED as to the complaint and any amendments thereto;

(j) DENIED as to evidence regarding William Elliott's conduct;

(k) GRANTED as to Textron's video;

2. That Plaintiff's Motion in Limine to Exclude Testimony Regarding the Vulgar and Irrelevant Statements Allegedly Made by Daniel Seek (Paper No. 163) is hereby DENIED;

3. That Defendant's Motion in Limine (Paper No. 166) is DENIED in part, GRANTED in part, and held SUB CURIE in part, in that the motion is:

(a) DENIED as to evidence of other accidents, with the evidence admissible only on the issue of notice;

(b) GRANTED as to evidence of sanctions against Textron;

(c) Held SUB CURIA as to photographs of the golf cart with

the added rollbar;

(d) DENIED as to photograph at issue of Plaintiff's face;

(e) DENIED as to testimony of Lianne Friedman, for the reasons stated in this Court's Order dated July 20, 1999;

(f) DENIED as to expert testimony of Reuben Vollmer, for the reasons stated in this Court's Order dated June 28, 2000;

4. That Plaintiff's Request to Apply the Consumer Expectation Test for Purposes of His Strict Liability Claim (Paper No. 168) is hereby DENIED;

5. That Defendant's Motion for an Order to Take the Videotape Deposition of Walter Feldbusch (Paper No. 169) is hereby DENIED;

6. That Defendant's Motion to Allow John Quick to Testify at Trial (Paper No. 175) is held SUB CURIA;

7. That the oral motion of Plaintiff to Exclude Statements of Daniel Seek Made to Third Parties is hereby DENIED;

8. That the oral motion of Plaintiff to Exclude Deposition Designations of George Inman Taken in Other Proceeding is hereby GRANTED, except in so far as portions designated by Defendant are necessary to complete Plaintiff's designations, as to be determined by the Court;

9. That the Clerk of the Court shall mail or transmit copies of this Order to all counsel of record.

_____
William M. Nickerson
United States District Judge