IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF MARYLAND

RYAN W. POOLE, by his mother  :
and next friend, BARBARA ELLIOTT :
                               :
v.                             : Civil Action WMN-98-280
                               :
TEXTRON, INC., et al           :

**MEMORANDUM**

Before the Court is Plaintiff's Motion to Review the Clerk's Decision Regarding His Bill of Costs (Paper No. 198). Defendant Textron has opposed the motion and it is ripe for a decision. Upon a review of the pleadings, the Court determines that Plaintiff's motion will be granted in part and denied in part, in that the Court will award Plaintiff additional costs in the amount of $987.90.

Plaintiff originally sought over $28,000 in costs. See Plaintiff's Bill of Costs. By Order dated May 25, 2001, the Clerk of the Court awarded Plaintiff costs in the amount of $4,732.96. Plaintiff, in the instant motion, requests that this Court review the Clerk's decision and award additional costs in the amount of $17,976.02.

Federal Rule of Civil Procedure 54(d)(1) provides, in pertinent part, that "costs other than attorneys' fees shall be allowed as of course to the prevailing party unless the court otherwise directs . . .." (emphasis added). 28 U.S.C. § 1920, which lists many of the costs recoverable under Rule 54(d)(1),

1

provides that costs <u>may</u> be taxed by a judge or clerk of any court of the United States. Pursuant to the language of Rule 54(d)(1) and section 1920, the allowance of costs is discretionary. <u>See</u> <u>Arcadian Fertilizer v. MPW Indus. Serv., Inc.</u>, 249 F.3d 1293, 1296 (11th Cir. 2000); <u>In re Paoli R.R. Yard PCB Litig.</u>, 221 F.3d 449, 457 (3rd Cir. 2000) (stating that the phrase "unless the court otherwise directs" makes the allowance of costs discretionary). Notwithstanding the discretionary nature of costs, numerous circuits, including the Fourth Circuit, have held that Rule 54(d)(1) creates a presumption that costs are to be awarded to the prevailing party. <u>Cherry v. Champion Int'l Corp.</u>, 186 F.3d 442, 446 (4th Cir. 1999) (citations omitted). To overcome the presumption, a district court must justify the decision to not award costs. <u>Id.</u> (citations omitted). In the Fourth Circuit, reasons sufficient to justify denying costs include the misconduct of the prevailing party, the losing party's inability to pay, the excessiveness of the costs sought (i.e., whether they are reasonable), the limited value of the prevailing party's victory, or the closeness and difficulty of the issues decided. <u>Id.</u>

As pointed out in Textron's opposition to Plaintiff's request for an award of additional costs, the extent to which Plaintiffs truly prevailed is questionable. Clearly, Plaintiffs

did not prevail on the principle thrust of their liability claim, an alleged design defect in the golf car. The damage verdict, which approximated the medical expenses incurred in behalf of the minor plaintiff, evidences the likelihood of a compromise among the jurors with respect to the secondary issue regarding failure to adequately warn. Within the arena of post-trial "boasting rights," a claim by defense counsel that they were the victors would likely prevail in a poll of the bar. It is from this perspective that the following categories of additional costs are evaluated.

### Deposition Transcripts

The Clerk did not tax the costs for the deposition transcripts of Edgar Grigsby, George Inman (6/13/88 and 10/21/98), Gerald Powell (10/20/98 and 11/20/98), Gary Smith, Donald Thorpe and Reuben Vollmer (10/6/99), because the invoices did not reflect the number of pages and/or the cost per page. Because of these omissions, the Clerk was unable to determine whether the costs sought were reasonable. Plaintiff, in the instant motion, seeks to provide the missing information. The Court, however, declines to consider the supplemental information provided by Plaintiff. Local Rule 109.1.b requires that the bill of costs, at the time submitted, be accompanied by sufficient evidence to support the award of the costs sought. Here, such

information was not provided.  The costs for these depositions are disallowed.  See In re Paoli, 221 F.3d at 461-62 (stating that it is within the Court's discretion as to whether to consider any information or supporting documentation not previously submitted to the clerk).

Plaintiff, next, seeks reimbursement for the cost of John Quick's deposition.  While Mr. Quick did not testify at trial, he was proffered as a last minute witness by Textron.  The Court, therefore, will award the cost of Mr. Quick's deposition in the amount of $384.30.[1]

Plaintiff also requests that the Court tax the deposition of Russell Smith.  Plaintiff asserts that, even though Mr. Smith was not called to testify at trial, his designation as Textron's expert witness made the taking of his deposition reasonable and necessary at the time it was taken.  The Court agrees and will tax the cost of this deposition in the amount of $422.40.

Subpoena Service Fees and Fees for Fact Witnesses

Because the Clerk did not tax the costs for the depositions

---

[1] While the Court finds the cost of $6.10 per page for this transcript to be excessive, it will allow the full cost in this instance due to Plaintiff's need to schedule the deposition and obtain the transcript in a very short time period.

of Mr. Inman ($55), Mr. Smith ($55), Currie & Strawley ($48),[2] and Mr. Quick ($80), she could not tax the costs associated with the service of deposition subpoenas as to these persons. See 28 U.S.C. § 1821(b). The Court has, however, now taxed the costs associated with the depositions of Mr. Smith and Mr. Quick. Therefore, the service fees for the subpoenas as to these two individuals, in the amount of $135.00, will also be taxed.

For the same reason, the Clerk did not tax travel expenses associated with the depositions of Mr. Smith ($46.20), Mr. Grigsby ($95.80), and Mr. Inman ($46.20). As the Court has taxed the deposition costs of Mr. Smith, the Court will also award travel expenses related to Mr. Smith's deposition in the amount of $46.20.

Travel Expenses for Expert

Plaintiff originally sought various expenses associated with its expert Richard Vollmer. The Clerk, in her Order, stated that the expenses requested in regards to Mr. Vollmer's travel from California were outside her authority. Plaintiff now requests that the Court grant reimbursement for mileage to the Los Angeles airport ($18), parking at the Los Angeles airport ($42), and airfare from Los Angeles ($2,747). The Court agrees with Textron

---

[2] The fee for this subpoena appears to relate to discovery material only. Therefore, it is not recoverable.

that expenses related to Mr. Vollmer's participation as Plaintiff's principle expert in the prosecution of the alleged design defect claim, should be disallowed in their entirety.

Trial Exhibits

Plaintiff seeks in excess of $11,000 in costs related to trial exhibits on the grounds that the exhibits were either necessary and relevant to Plaintiff's case when prepared, or that they were used extensively at trial. While these contentions may be true, the Court declines to exercise its discretion to tax any of these costs in light of the relative insignificance of the exhibits to Plaintiffs narrow victory in this case.

For the foregoing reasons, Plaintiff's motion will be granted in part and denied in part, in that the Court shall award, to Plaintiff, additional costs in the amount of $987.90. A separate order consistent with this Memorandum will issue.

_____
William M. Nickerson
United States District Judge

Dated: July 26, 2001